## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  24-CV-24992-PCH

**AMIN LAKHANI**,

     Plaintiff,

v.

**M.&T. FOOD STORES, INC., et al.**,

     Defendants.

_____/

### <u>ORDER</u>

**THIS CAUSE** is before the Court on Defendant's, M.&T. Food Stores, Inc. ("Defendant M&T"), Motion to Dismiss, or in the Alternative, for More Definite Statement [ECF No. 10] (the "Motion"). Having reviewed the Motion, Plaintiff's, Amin Lakhani ("Plaintiff"), Response in Opposition [ECF No. 12], the record,[1] and being otherwise fully advised in the premises, the Motion is **GRANTED** for the reasons set forth below.

### I.    BACKGROUND

In December 2024, Plaintiff initiated this discrimination action against Defendant M&T and Defendants Iris M. Medvin, Michal Medvin Hobel, and Mara Medvin Matthews, as trustees of the Iris M. Medvin Inter Vivos Declaration of Trust dated January 3, 2013 ("Defendant Trustees"), based on alleged violations of Title III of the Americans with Disabilities Act ("ADA"). *See generally* Complaint [ECF No. 1] ("Compl."). Plaintiff is a "qualified individual with disabilities under the ADA" and requires a wheelchair for mobility. *Id.* ¶ 4.

---

[1] Although Defendant M&T did not file a reply in support of the Motion, the Court finds that one would not have been necessary to resolve the Motion.

Plaintiff alleges that he visited what he calls the "[s]ubject [p]remises" at the address of 20285 Old Cutler Road, Cutler Bay, Florida 33189 to avail himself of the goods and services provided at the location but suffered harm because of the discriminatory barriers he encountered there. *Id.* ¶ 2, p. 3 ¶ 9, p. 4 ¶ 10.[2] According to the Complaint, the "[s]ubject [p]remises" is a shopping plaza owned, operated, or managed by Defendant Trustees and/or a retail store operated by Defendant M&T. *Id.* ¶ 2, p. 3 ¶ 10, p. 3 ¶ 12. Plaintiff states that he plans to return to the "[s]ubject [p]remises" but is deterred from doing so because of the discriminatory barriers. *Id.* p. 4 ¶ 10. Plaintiff specifies that these allegedly illegal barriers are in the parking area and routes within the "[s]ubject [p]remises" but also states that his list of violations is non-exhaustive. *Id.* ¶¶ 21–22. To correct these alleged ADA violations, Plaintiff seeks injunctive relief against Defendant M&T and Defendant Trustees, as well as attorney's fees and costs incurred in bringing this action. *Id.* p. 11.

Now, Defendant M&T moves to dismiss the Complaint for failure to state a claim against it or, alternatively, require Plaintiff to provide a more definite statement as to his claim against Defendant M&T. *See generally* Mot.[3]

## II.   LEGAL STANDARD

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed

---

[2] After paragraph 12, the Complaint oddly restarts numbering paragraphs beginning with the number nine. Thus, for clarity, the Court cites the relevant page and paragraph numbers of the Complaint when necessary.

[3] Defendant Trustees filed an Answer and Affirmative Defenses to the Complaint. *See generally* Answer [ECF No. 13].

factual allegations,'… it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Instead, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). Relatedly, Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

## III.    DISCUSSION

Defendant M&T argues that the Complaint must be dismissed under Rule 12(b)(6) or, alternatively, requires a more definite statement under Rule 12(e) because it does not define the subject property and because Defendant M&T is a tenant and, therefore, is not responsible for the ADA violations alleged in the Complaint. *See* Mot. at 1–2. Plaintiff responds that: (1) the Complaint clearly defines the subject property; (2) Defendant M&T's argument regarding its status as a tenant amounts to an affirmative defense that cannot be resolved at the motion-to-dismiss stage; and (3) in any event, the ADA confers liability on tenants under certain circumstances. *See* Resp. [ECF No. 12] at 4–9. As discussed more fully below, the Court finds that the Complaint confusingly defines the subject property and does not establish that Defendant M&T leases, owns, operates, or controls the areas containing the alleged ADA violations.

Beginning with the subject property, Defendant M&T argues that the Complaint repeatedly uses the phrase "[s]ubject [p]remises" but does not define it. *See* Mot. at 1. This argument, while incorrect, does reveal internal inconsistencies within the Complaint that require Plaintiff to provide a more definite statement and clarifications.

More specifically, the first page of the Complaint states that "[t]he subject property is a *shopping plaza* located on or about 20285 Old Cutler Rd., Cutler Bay, FL 33189 (hereinafter, the 'Subject Premises')." Compl. ¶ 2 (emphasis added). This statement clearly provides *a* definition for "[s]ubject [p]remises" and, therefore, nullifies Defendant M&T's argument to the contrary. However, further below, the Complaint states that Defendant Trustees "are the owners and/or operator/manager of the real property located on or about 20285 Old Cutler Rd., Cutler Bay, FL 33189 ('Subject Premises')." *Id.* p. 3 ¶ 10 (emphasis added). This statement seemingly re-defines the phrase "[s]ubject [p]remises" by omitting the previous reference to "shopping plaza." But the Complaint's inconsistencies do not end there. It goes on to state that Defendant M&T "operates the *retail store* known as 'M & T FOOD STORE' located at 20285 Old Cutler Road, Cutler Bay, FL 33189 ('Subject Premises')." *Id.* p. 3 ¶ 12 (emphasis added). So, the Complaint initially defines "[s]ubject [p]remises" as being a "shopping plaza," ¶ 2, but later re-defines "[s]ubject [p]remises" without the reference to "shopping plaza," p. 3 ¶ 10, and finally lands on a definition that includes a new reference to a "retail store," p. 3 ¶ 12. Which is it? And, more importantly, how are Defendant M&T and Defendant Trustees related to or responsible for the subject property or any portion of it? Plaintiff must correct these inconsistencies and omissions by providing a single, clear definition of the subject property and clarifying how Defendant M&T and Defendant Trustees are related to or responsible for it.

Turning to the crux of the Motion, Defendant M&T argues that the Complaint fails to state a claim against Defendant M&T because it does not contain any allegations establishing that Defendant M&T violated the ADA. *See* Mot. at 2. According to Defendant M&T, all the ADA violations alleged in the Complaint are in the "common elements of the plaza" outside of Defendant M&T's retail store. *Id.* Defendant M&T further asserts that it is "merely a tenant in the [p]laza and is not responsible in any way for the common areas and elements[.]" *Id.* In response, Plaintiff accuses Defendant M&T of effectively putting the cart before the horse by asking this Court to prematurely decide the applicability of an affirmative defense at the motion-to-dismiss stage. *See* Resp. [ECF No. 12] at 6–7. Plaintiff also argues that Defendant M&T's status as a tenant in the plaza does not absolve it of liability because the ADA nonetheless confers liability on tenants who control or operate the areas containing ADA violations. *See id.* Insofar as they relate to well-established law, Plaintiff's arguments are ostensibly correct. At this stage, the Court cannot determine the applicability of an affirmative defense and must resolve the instant Motion based solely on the sufficiency of the allegations in the Complaint. However, a close inspection of the factual allegations in the Complaint shows that Plaintiff fails to allege that Defendant M&T leases, owns, operates, or controls the parking area and routes containing the alleged ADA violations.

Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability ... by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Accordingly, to state a claim for discrimination under Title III of the ADA, a plaintiff must allege that "(1) he is a disabled individual; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA." *Lugo v. 141 NW 20th St. Holdings, LLC*, 878 F. Supp. 2d 1291, 1293 (S.D. Fla. 2012) (citing 42 U.S.C. § 12182(a)).

In this regard, the Court notes with approval the following excerpt from *Caplan v. CTHAI LLC*, No. 18-62567-CIV, 2019 WL 13261419, at *4 (S.D. Fla. Mar. 15, 2019):

> The Court finds that even without considering the Lease, Plaintiff did not adequately allege CTHAI owns, leases, or operates the parking facility where the alleged ADA violations occurred. "[T]he Ninth Circuit has persuasively explained that a commercial lessee cannot be held liable for architectural barriers, and in particular, parking lot spaces, 'over which it has no control.'" *Mears v. Mason*, No. 16-81983-CIV, 2017 WL 1327882, at *3 (S.D. Fla. Apr. 10, 2017) (quoting [*Kohler v. Bed Bath & Beyond of Cal., LLC,* 780 F.3d 1260, 1264 (9th Cir. 2015]). In *Kohler*, the plaintiff sued a Bed Bath and Beyond store because of architectural barriers within the store and in the parking lot of the shopping center, which he claimed impeded his ability to fully use the store. *See* 780 F.3d at 1262. The court held Bed Bath and Beyond could not be liable for ADA violations that occur in areas exclusively under the control of the landlord, explaining the store only has "ADA compliance obligations on it for that part of the property it controls." *See id.* at 1264–66.
>
> In *Mears*, the Court found the reasoning in *Kohler* persuasive, but denied the defendant's motion to dismiss because the plaintiff pled that the defendant was the "lessee," "lessor," and/or "operator" of the subject barriers. *See Mears*, 2017 WL 1327882, at *3. Here, in contrast, Plaintiff does not allege that CTHAI is the lessee or operator of the parking facility where all of the alleged architectural barriers exist. *See* Compl. ¶¶ 5, 15. Plaintiff's sole allegation regarding CTHAI's control over the facility is: "Upon information and belief, CTHAI is the lessee and/or operator of the Real Property and therefore held accountable [sic] of the violations of the ADA in the Subject Facility which is the matter of this suit." *Id.* ¶ 5. While the Complaint defines the Subject Facility as Thai Oriental Mart, located at 2501 Sheridan St., Hollywood, FL 33020 (*see id.*), it does not define the term "Real Property." *See generally* Compl. Thus, the Complaint does not allege that CTHAI owns, operates, or leases the parking facility where the violations occurred.
>
> While Plaintiff is correct that landlords and tenants may be jointly liable for ADA violations in the tenant's establishment, *see e.g. Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015), this response misses the mark. CTHAI's argument is that it is not liable because it does not lease the premises where the violations occurred, not that it should be exempt from liability due to a contractual indemnification provision.

Like the complaint in *Caplan*, the Complaint here fails to allege that Defendant M&T is the lessee or operator of the parking area and routes containing the alleged ADA violations. Indeed, the only allegation in the Complaint regarding Defendant M&T's operation or control of certain areas is in paragraph 12, wherein Plaintiff alleges that Defendant M&T "operates the *retail store*

known as 'M & T FOOD STORE' located at 20285 Old Cutler Road, Cutler Bay, FL 33189 ('Subject Premises')." Compl. p. 3 ¶ 12 (emphasis added). This allegation does not indicate Defendant M&T's level of control over the parking area and routes in the "[s]ubject [p]remises." Moreover, given the conflicting and confusing definitions of "[s]ubject [p]remises" discussed above, it is definitively unclear whether the phrase "retail store" encompasses the parking area and routes. Accordingly, the Complaint does not allege that Defendant M&T leases, owns, operates, or controls the areas containing the ADA violations and, therefore, fails to state a discrimination claim against Defendant M&T. *See Caplan*, 2019 WL 13261419, at *4. Plaintiff may amend the Complaint to allege that Defendant M&T leases, owns, operates, or controls the parking area and routes in the "[s]ubject [p]remises," if any such facts exist.

## IV.    CONCLUSION

For the reasons set forth above, Defendant M&T's Motion to Dismiss, or in the Alternative, for More Definite Statement [ECF No. 10] is **GRANTED**. Plaintiff's claim against Defendant M&T is **DISMISSED WITHOUT PREJUDICE**. By **March 24, 2025**, Plaintiff must file an Amended Complaint consistent with this Order or notify the Court that he intends to proceed on the original Complaint solely against Defendant Trustees.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 12, 2025.

PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

7